Laura Jenkins, Respondent, v. Theodore Sidney Jenkins, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

Simon Kocius, Respondent, v. William A. Jamison, Appellant, Impleaded with Others.— Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the finding that defendant's servant, Gilhooly, was authorized to represent the defendant and to give the order to lower the skid, is contrary to the weight of evidence. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

Ismenia Lambert, Appellant, v. Louis N. Lanehart, Respondent.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Stapleton and Rich, JJ., concurred.

Charles H. Munch, Respondent, v. The Ebling Brewing Company, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

The People of the State of New York, Respondent, v. William Hallett, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

United States Trust Company of New York, Respondent, v. Marshall O. Terry and Another, as Executors, etc., Appellants, and Others, Respondents.— Motion granted so far as to permit costs to the two guardians ad litem; in other respects motion denied, without costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ.

Aron Altman, Appellant, v. Gesine Beck and Others, Defendants. Benjamin Trektman, Respondent.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There is no proof that the judgment assigned to respondent is a lien upon the mortgaged premises, as there is no evidence of the estate or interest of Holmes in the premises. The indefinite allegation in the complaint is insufficient. This defect is fatal. The reversal is without prejudice to a renewal of the application upon further proof. Jenks, P. J., Thomas, Stapleton and Rich, JJ., concurred.

Lena Colvin, Respondent, v. James A. P. Ramsdell and Others, Individually and as Trustees, etc., Defendants. Henry P. Ramsdell, Individually and as Trustee, etc., Appellant.— Interlocutory judgment unanimously affirmed, with costs. Present — Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

Sophie Haase, Appellant, v. Alexander Seabert, Respondent.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Order of the County